Joshua L. Raskin (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Joshua.raskin@gtlaw.com

ADDITIONAL ATTORNEYS
LISTED ON LAST PAGE

*Attorneys for Defendant eBay, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXOS MEDIA IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | CASE NO. 3:23-cv-06314-RFL<br><br>**DEFENDANT EBAY, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: June 25, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Rita F. Lin<br>Courtroom: 15 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on June 25, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant eBay, Inc. ("eBay") will move the Court to stay this case until the *inter partes* reviews involving the Asserted Patents are decided.

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................2

    a.    District Court Litigation..................................................................................................2

    b.    The Patent Trial and Appeal Board ...............................................................................3

III. LEGAL STANDARD............................................................................................................4

IV. ARGUMENT .........................................................................................................................4

    a.    The Stage of the Case Favors a Stay.............................................................................5

    b.    The Instituted IPRs Will Simplify Issues and May Render the Entire Case Moot...............7

    c.    A Stay Will Not Unduly Prejudice Lexos......................................................................9

    d.    The Relationship of the Parties Favors a Stay ............................................................10

V. CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  Page(s)

*Aavid Thermalloy LLC v. Cooler Master, Ltd.*,
  No. 17-cv-05363-JSW, 2019 U.S. Dist. LEXIS 144880 (N.D. Cal. Aug. 26, 2019) ............7, 8

*Affinity Labs of Texas LLC v. Samsung Elecs. Co., Ltd.*,
  No. 14-cv-2717-YGR, 2014 WL 3845684 (N.D. Cal. Aug. 1, 2014) .......................................6

*Aylus Networks, Inc. v. Apple, Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017)..................................................................................................8

*CAO Lighting, Inc. v. Signify N. Am. Corp.*,
  No. 21-cv-08972-AB, 2022 WL 20563918 (C.D. Cal. Dec. 21, 2022)......................................4

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
  No. 14-cv-3348-EMC, 2015 WL 1006582 (N.D. Cal. Mar. 6, 2015) .......................................7

*Contour IP Holding, LLC v. GoPro, Inc.*,
  No. 17-cv-04738-WHO, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018).............................6, 8

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
  No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014)................................4, 7, 9

*Delphix Corp. v. Actifio, Inc.*,
  No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ....................................9

*DoDots Licensing Sols. LLC v. Samsung Elecs. Co. Ltd.*,
  No. 23-cv-06521-JSC, 2024 WL 664807 (N.D. Cal. Feb. 16, 2024) ....................................6, 7

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
  No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) ......................................5

*Evolutionary Intel., LLC v. Millenial Media, Inc.*,
  No. 13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) .....................................8

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
  No. 13-cv-04513-RMW, 2014 WL 4802426 (N.D. Cal. Sep. 26, 2014)................................10

*GoPro, Inc. v. C&A Mktg., Inc.*,
  No. 16-cv-3590-JST, 2017 WL 2591268 (N.D. Cal. Jun. 15, 2017)..........................................6

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
  No. 21-cv-08295, 2022 WL 3084315 (N.D. Cal. Aug. 3, 2022) .............................................10

*Jenam Tech, LLC v. Google LLC*,
  630 F. Supp. 3d 1208 (N.D. Cal. 2022) .....................................................................................5

*Jenam Tech, LLC v. Google LLC*,
  No. 21-cv-07994-JST, 2022 WL 20275184 (N.D. Cal. Mar. 28, 2022) .......................... 4, 7, 10

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
  No. 05-cv-03116-JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ...................................... 9

*Lam Rsch. Corp. v. Flamm*,
  No. 15-cv-01277, 2016 WL 4180412 (N.D. Cal. Aug. 8, 2016) ............................................ 10

*LBT IP II LLC v. Uber Techs. Inc.*,
  No. 22-cv-03985-WHO, 2023 WL 322894 (N.D. Cal. Jan. 19, 2023) ........................... 7, 8, 11

*LELO, Inc. v. Standard Innovation (US) Corp.*,
  No. 13-cv-01393, 2014 WL 2879851 (N.D. Cal. Jun. 24, 2014) ............................................. 7

*PersonalWeb Tech., LLC v. Apple, Inc.*,
  69 F. Supp. 3d 1022 (N.D. Cal. 2014) .................................................................................. 10

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................................... 4, 6

*Speir Techs. Ltd. v. Apple, Inc.*,
  No. 23-cv-00095-EJD, 2023 WL 2714931 (N.D. Cal. Mar. 30, 2023) ......................... 5, 6, 10

*Synopsys, Inc. v. Siemens Indus. Software Inc.*,
  No. 20-cv-04151-WHO, 2022 U.S. Dist. LEXIS 244276 (N.D. Cal. June 7, 2022) ................. 7

*Synthego Corp. v. Agilent Techs., Inc.*,
  No. 21-cv-07801-EJD, 2022 WL 2704121 (N.D. Cal. July 12, 2022) ..................................... 8

*Topia Tech., Inc. v. Dropbox Inc.*,
  No. 23-cv-00062-JSC, 2023 WL 3437823 (N.D. Cal. May 12, 2023) ..................................... 5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................. 10

*Zomm, LLC v. Apple Inc.*,
  391 F. Supp. 3d 946 (N.D. Cal. 2019) ............................................................................ 4, 5, 9

**Statutes**

35 U.S.C. § 315(b) ........................................................................................................................ 9

35 U.S.C. § 316(a)(11) ................................................................................................................ 10

## I.     Introduction

The Patent Trial and Appeal Board ("PTAB") instituted *inter partes* review ("IPR") on both of the Asserted Patents to re-evaluate the patentability of every claim that Plaintiff Lexos Media IP, LLC ("Lexos") asserts against Defendant eBay, Inc. ("eBay"). And since the Court has recently clarified that only the Asserted Claims are at issue (*see* ECF 138), the resources of the Court and the parties will be conserved by staying this case while the PTAB determines whether Lexos' Asserted Patents are valid. The PTAB will likely invalidate all the Asserted Claims, rendering this case moot. However, even if the PTAB were to invalidate only some claims, the IPRs would significantly narrow the issues before the Court. It would thus be inefficient and wasteful for the Court and the parties to expend resources on fact discovery, expert discovery, summary judgment, pre-trial proceedings, and trial while the instituted IPRs are pending.

Each factor that courts consider when evaluating a motion to stay favors staying this case. First, according to Lexos, "this case is still in its initial stages." (ECF 135 at 15). Little discovery has been taken, and a procedural schedule and trial date have not been set since the recent transfer of this case from the Western District of Texas. Indeed, discovery is already stayed. (ECF 113). Upon re-opening of discovery, the parties will need to search for and produce documents, take depositions, and complete expert discovery and dispositive motion practice. Staying the case until the resolution of the IPRs will prevent the waste of economic and judicial resources in the discovery process.

Second, the IPRs will simplify the issues before the Court and may render this case moot. The instituted IPRs cover all claims asserted by Lexos, and statistics published by the PTAB for the previous fiscal year indicate that at least one claim is likely to be canceled. Each of the PTAB's institution decisions indicate "a reasonable likelihood that [Petitioner] would prevail in showing that [the asserted claims are] unpatentable . . . [.]" *See, e.g.*, *eBay, Inc. v. Lexos Media IP, LLC*, IPR2023-01000, Paper 9 at 33 (P.T.A.B. Dec. 12, 2023) (Ex. A)[1]; *see also* IPR2023-01001, Paper 9 at 36 (P.T.A.B. Dec. 12, 2023) (Ex. B) (same). Even if the IPRs do not result in the cancellation of any claims, they will clarify the scope of the Asserted Patents and streamline the parties' infringement and invalidity positions.

Third, a stay will not prejudice or strategically disadvantage Lexos. Lexos waited until the Asserted Patents expired before filing this case, and Lexos therefore cannot seek a preliminary injunction. Further,

---

[1] All exhibits are attached to the Declaration of Joshua L. Raskin, submitted herewith.

eBay diligently moved to join the instituted IPRs only eight days after their institution. *See* IPR2024-0336; IPR2024-0337. And the PTAB is statutorily required to issue its final determinations for both of the IPRs by December 12, 2024, making it unlikely that a stay until these final determinations issue will delay the resolution of this case. Even so, the delay in an IPR proceeding does not, by itself, constitute undue prejudice. Given that eBay and Lexos are not competitors, Lexos does not make any products, and the Asserted Patents are expired, Lexos can be adequately compensated by monetary damages if any Asserted Claims survive the IPR process and are found valid and infringed.

For these reasons explained more fully below, eBay respectfully requests that the Court stay this case until the IPRs are decided.

## II.     Background

### a.     District Court Litigation

Lexos filed this action in the United States District Court for the Western District of Texas ("WDTX") on June 22, 2022. (*See* ECF 1 ("Original Complaint")). The Original Complaint alleged that eBay infringed claim 72 of U.S. Patent No. 5,995,102 ("'102 patent") and claims 1, 38, and 53 of U.S. Patent No. 6,118,449 ("'449 patent") (collectively, the "Asserted Claims"). (*Id*., ¶¶23, 34). On August 10, 2022, Lexos filed its first amended complaint, which alleged infringement of the same Asserted Claims. (ECF 13 ("FAC")). Lexos filed its Second Amended Complaint ("SAC") on May 16, 2023. (ECF 29). The SAC asserted the same Asserted Claims from the '102 and '449 patents in addition to claim 35 of U.S. Patent No. 7,975,241, which has since been dismissed. (ECF 121).

Pursuant to the WDTX Scheduling Order (ECF 33), Lexos served its Original Infringement Contentions on May 10, 2023. On June 13, 2023, eBay moved to dismiss the SAC on the same grounds as in its motion to dismiss the FAC (ECF 34), and also moved to transfer the case to this District. (ECF 38). The WDTX Scheduling Order also set deadlines for claim construction disclosures and briefing. (ECF 33 at 4–5). Thus, the parties conducted claim construction discovery and completed briefing on the Asserted Claims. (*See, e.g.*, ECF 54, 57, 62, 65, 72, 75, 76, 78, 80).

The WDTX court granted eBay's motion to transfer the case to this District on December 6, 2023, after *Markman* briefing was completed but before it held a hearing. (ECF 81; *see also* ECF 77, 79). This Court heard argument on eBay's motion to dismiss on February 27, 2024. (ECF 107). At the hearing, the

Court denied the portion of eBay's motion related to non-infringement, but instructed the parties to file a stipulation on claim construction relevant to the terms at issue in the motion and agreed that the issue would be amenable to an early motion for summary judgment. (*Id*.). Accordingly, the parties filed a stipulation for the construction of three claim terms at issue in eBay's anticipated motion for summary judgment. (ECF 111). The Court subsequently granted eBay's motion to dismiss the '241 patent from the case. (ECF 121).

On March 6, 2024, the parties submitted a Case Management Statement. (ECF 112) and on March 13, 2024, the Court held a Case Management Conference ("CMC"). (ECF 113). At the CMC, the Court suggested that, since the remaining Asserted Claims were subject to instituted IPRs, the parties should consider moving to stay the case before briefing on eBay's anticipated early motion for summary judgment. (Ex. C at 5:7–6:1 ("I saw the note from eBay that there is an instituted IPR on the other two patents in this case. I know you have submitted the schedule for summary judgment on those two patents, but given that those are the only two patents that remain in the case, I have a real question of -- as to whether it makes sense to proceed with summary judgment adjudication if this is in the middle of an IPR proceeding."); *see also id*. at 6:3–15 ("I am fine with you either briefing the motion to stay simultaneously with the summary judgment motion, or you can continue the briefing schedule that you have proposed in your order or in your case management statement . . . I imagine that you all will probably not want to go through the expense of briefing summary judgment at the same time as briefing the stay motion[.]")).

Although the parties have taken minimal discovery thus far, the Court stayed any additional discovery through the pendency of eBay's anticipated early summary judgment motion. (*Id*. at 16:6–7). On April 5, 2024, after the Court's ruling on eBay's motion to dismiss, eBay answered the SAC. (ECF 122). Finally, on March 27, 2024, Lexos served Amended Infringement Contentions, purporting to assert additional claims from the Asserted Patents against eBay. (*See, e.g*., ECF 124). The Court granted eBay's motion to strike Lexos' Amended Infringement Contentions on May 13, 2024, confirming that the only claims at issue are the four Asserted Claims. (ECF 138).

b.  **The Patent Trial and Appeal Board**

On June 5, 2023, Amazon.com, Inc. ("Amazon") filed petitions for IPR, requesting that the PTAB declare each of the four Asserted Claims invalid. *See Amazon.com, Inc. v. Lexos Media IP, LLC*, IPR2023-001000; IPR2023-001001. The IPRs were instituted on December 12, 2023 (*see* Exs. A, B), and

on December 20, 2023, eBay moved to join the same. *See* IPR2024-0336; IPR2024-0337. Over Lexos' objections, the PTAB granted eBay's joinder motions on February 23, 2024. The PTAB's Final Written Decisions are expected no later than December 12, 2024.

### III. Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending IPR." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 955 (N.D. Cal. 2019) (alterations omitted) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). The Northern District of California has adopted a "liberal policy in favor of granting motions to stay [district court proceedings] pending IPR." *See, e.g.*, *Zomm*, 391 F. Supp. 3d at 956 (quotations omitted). Such is because, in establishing the IPR process, Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs and to create a timely, cost-effective alternate to litigation." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at *2 (N.D. Cal. Jan. 13, 2014) ("*PersonalWeb I*") (quotations omitted). And "[t]here is a near uniform line of authority reflecting the principal that after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *CAO Lighting, Inc. v. Signify N. Am. Corp.*, No. 21-cv-08972-AB, 2022 WL 20563918, at *2 (C.D. Cal. Dec. 21, 2022) (citations and alterations omitted).

Courts in this District analyze three factors when considering a motion to stay pending IPR: (1) whether discovery is complete and a trial date has been set; (2) whether a stay would simplify the issues and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Jenam Tech, LLC v. Google LLC*, No. 21-cv-07994-JST, 2022 WL 20275184, at *1 (N.D. Cal. Mar. 28, 2022) ("*Jenam I*"). When considering prejudice factor, courts analyze four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014).

### IV. Argument

The Court should grant eBay's motion to stay this case until the conclusion of the IPRs for the Asserted Patents. The three factors relevant to the Court's analysis support granting a stay: (1) no trial date

has been set and discovery is already stayed; (2) a stay will narrow the issues for the Court and will allow for further development of the intrinsic record; and (3) Lexos is a non-practicing entity, asserts expired patents, and does not compete with eBay, so it will face no prejudice from a stay.

### a. The Stage of the Case Favors a Stay

Staying the case will lead to the conservation of judicial and financial resources. *See Topia Tech., Inc. v. Dropbox Inc.*, No. 23-cv-00062-JSC, 2023 WL 3437823, at *3 (N.D. Cal. May 12, 2023) ("An early stay may save the parties and the Court from unnecessarily expending significant resources.") (citations omitted). Under the "stage of the case" factor, "the Court evaluates the stage of the case against key milestones such as whether the parties have engaged in costly expert discovery and dispositive motion practice, whether the court has issued a claim construction order, and whether the court has set a trial date." *Jenam Tech, LLC v. Google LLC*, 630 F. Supp. 3d 1208, 1212 (N.D. Cal. 2022).

The case was transferred from the WDTX, and although a CMC has occurred, a scheduling order beyond dates for eBay's early summary judgment motion has not yet been issued, a trial date has not been set, discovery is stayed, expert discovery and dispositive motion briefing have yet to begin, and eBay only recently answered the SAC. These circumstances favor a stay. *See Speir Techs. Ltd. v. Apple, Inc*., No. 23-cv-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023) (finding stage of case factor weighed in favor of stay, in part, "because this case was recently transferred into this district, [and] there is not even a case management schedule in this case"). Nor has the Court set a new trial date, which further justifies a stay. *Zomm*, 391 F. Supp. 3d at 956 (lack of a scheduled trial date weighs in favor of a stay); *DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015) (same). Moreover, the most recent statistics from the Federal Judiciary indicate a median time to trial from filing of 48.9 months in this District. (Ex. D). Applying that timing to this case would result in a July 2026 trial date, well after the December 2024 statutory deadline for the PTAB's final IPR decisions.

Further, fact discovery here is far from complete. At the time the case was transferred on December 6, 2023, the parties had only completed venue-related discovery and, since transfer, the parties have each served only a single set of discovery requests, which have not yet been answered. The parties have not searched for, collected, reviewed, or produced any documents in response to discovery requests. Nor have the parties served any deposition notices. Indeed, the Court stayed discovery at the CMC. (Ex. C at 16:6–7).

Although the parties briefed claim construction in the WDTX and entered into a claim construction stipulation in this District related to eBay's anticipated summary judgment motion, "courts routinely grant stays even when claim construction has already occurred if substantial work lies ahead." *DoDots Licensing Sols. LLC v. Samsung Elecs. Co. Ltd.*, No. 23-cv-06521-JSC, 2024 WL 664807, at *2 (N.D. Cal. Feb. 16, 2024) (granting stay after the parties "engaged in seven months of fact discovery"); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself."); *Affinity Labs of Texas LLC v. Samsung Elecs. Co., Ltd.*, No. 14-cv-2717-YGR, 2014 WL 3845684, at *2 (N.D. Cal. Aug. 1, 2014) ("Ultimately, while the activities already undertaken in Texas [including exchange of interrogatory responses, document production, completion of email discovery, a third-party deposition, and source code production] offset somewhat the significant activities yet to be undertaken in this case [including depositions of prior art witnesses or inventors, expert reports, summary judgment motions, and trial], they ultimately do not tilt the balance against entering a stay.").

Finally, a "substantial portion of the work" lies ahead. *PersonalWeb I*, 2014 WL 116340, at *3. The parties have not begun expert discovery or engaged in dispositive and *Daubert* motion practice. *See id.* (finding this factor supports a stay where "a claim construction order has been issued and the close of fact discovery is fast approaching" but "expert discovery, summary judgment, pre-trial preparation, and trial itself" lay ahead); *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-3590-JST, 2017 WL 2591268, at *3 (N.D. Cal. Jun. 15, 2017) (finding case was "in its early stages" although parties exchanged infringement and invalidity contentions, made corresponding document productions, exchanged written discovery, and made initial claim construction disclosures). Because completing fact discovery will require the parties to marshal substantial resources, and, even after fact discovery, a "substantial portion of the work" for the parties and the Court lies ahead, the "stage of the case" factor heavily favors a stay. *See Speir*, 2023 WL 2714931, at *2 (finding stage of the case "factor weighs soundly in favor of granting a stay, especially given the case's recent transfer into this district," where fact discovery was ongoing and no post-transfer procedural schedule had been entered).

### b. The Instituted IPRs Will Simplify Issues and May Render the Entire Case Moot

"When, as here, the Patent Trial and Appeal Board's review could dispose of a matter in its entirety or significantly narrow the scope of the issues, the simplification factor 'weighs heavily in favor of granting a stay.'" *DoDots*, 2024 WL 664807, at *3 (quoting *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. 17-cv-05363-JSW, 2019 U.S. Dist. LEXIS 144880, at *2 (N.D. Cal. Aug. 26, 2019)). Indeed, Courts in this District "prefer to stay patent cases where the Patent Trial and Appeal Board ('PTAB') has instituted IPR on the patents-in-suit." *Synopsys, Inc. v. Siemens Indus. Software Inc.*, No. 20-cv-04151-WHO, 2022 U.S. Dist. LEXIS 244276, at *1 (N.D. Cal. June 7, 2022).

Under the second factor, courts consider "[t]he likelihood that [post-grant proceedings] will simplify the issues and trial" for the district court. *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393, 2014 WL 2879851, at *3 (N.D. Cal. Jun. 24, 2014). And "[t]he standard [on a motion to stay] is simplification of the district court case, not complete elimination of it by the PTAB." *DoDots*, 2024 WL 664807, at *3 (alterations omitted) (citing *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015)); *see also Jenam I*, 2022 WL 20275184, at *2 ("An IPR need not resolve all claims in order to simplify the Court's consideration of that patent."); *LBT IP II LLC v. Uber Techs. Inc.*, No. 22-cv-03985-WHO, 2023 WL 322894, at *3 (N.D. Cal. Jan. 19, 2023) ("[T]his factor considers the simplification of issues, rather than elimination[.]").

The PTAB instituted IPRs on all Asserted Claims and permitted eBay's joinder of the same. Thus, the PTAB has concluded that each of the IPR petitions establishes a "reasonable likelihood that [Petitioner] would prevail in showing that [the asserted claims are] unpatentable . . . [.]" (*See, e.g.*, Ex. A at 33; Ex. B at 36). When the PTAB identifies "a reasonable likelihood of overturning some patent claims" by instituting an IPR, this factor weighs in favor of a stay. *Cypress Semiconductor*, 2014 WL 5021100, at *3. What's more, when the PTAB institutes review on *all* asserted claims, courts in this District have recognized "that such a situation 'weighs heavily in favor of granting the stay.'" *Aavid Thermalloy*, 2019 WL 4009166, at *2 (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)). This is because when the PTAB "has agreed to review the validity of all of the patent claims," the "IPR proceedings will almost certainly simplify the issues in [the] case and serve the goal of advancing judicial efficiency." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-cv-3348-EMC, 2015 WL 1006582,

at *2 (N.D. Cal. Mar. 6, 2015).

USPTO statistics support the observation that the instituted IPRs are likely to narrow the claims at issue. In 2023, over 80% of instituted IPRs resulted in at least one claim being found unpatentable, and more than 65% resulted in all challenged claims being found unpatentable.[2] Thus, there is a greater than 60% chance that the instituted IPR proceedings moot this case by invalidating all of the Asserted Claims. *See Synthego Corp. v. Agilent Techs., Inc.*, No. 21-cv-07801-EJD, 2022 WL 2704121, at *2 (N.D. Cal. July 12, 2022) (finding simplification factor justifies stay where instituted IPRs cover "all claims at issue" because the PTAB's final decision "could eliminate the need for a trial or narrow the issues at trial"); *see also Contour*, 2018 WL 6574188, at *3 (finding a stay is favored where cancellation of claims would "eliminate the need to try the infringement issue"). Even if the IPRs do not moot the entire case, there is a greater than 80% chance of some claims being invalidated, and if the PTAB "cancels some . . . of the claims subject to review, both the court and [the] parties benefit because the scope of this case may be narrowed and further proceedings will be streamlined." *Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 13-cv-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014).

Further, even in the unlikely event that the IPRs do not result in the cancellation of any Asserted Claims, they will still likely simplify the issues before the Court. For instance, the IPRs will add to the intrinsic records of the Asserted Patents, which may substantially narrow the scope of the case. *See Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) (holding that patent owner statements during IPR proceedings may be used against patent owner in district court litigation). And "staying the case pending review could facilitate trial by providing this court with the benefit of the PTO's expertise and guidance on these claims." *Synthego Corp.*, 2022 WL 2704121, at *2 (citations and quotations omitted). Additionally, the IPR record "would likely clarify claim construction positions for the parties" or encourage the parties to settle the case. *Aavid Thermalloy*, 2019 WL 4009166, at *2. Finally, eBay is bound by a *Sotera* Stipulation submitted in the IPR which limits the prior art it may assert in this Court and "would also simpl[ify] the issues." *LBT IP II*, 2023 WL 322894, at *2.

Thus, while the IPRs will likely result in the Asserted Claims being invalidated, regardless of the

---

[2] *See* IPR, CBM, and PGR Statistics for Final Written Decisions: Monthly, available at https://www.finnegan.com/en/ipr-cbm-and-pgr-statistics-for-final-written-decisions-monthly.html.

ultimate result of the IPR proceedings, simplification of this case will occur. This factor therefore weighs heavily in favor of a stay.

### c. A Stay Will Not Unduly Prejudice Lexos

The Asserted Patents are expired, and a stay of this case until resolution of the IPRs will not prejudice or tactically disadvantage Lexos. In assessing the prejudice factor, courts consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor*, 2014 WL 5021100, at *3. Each of the four sub-factors favors a stay.

First, the timing of the petition for review favors a stay. An IPR petition must be filed within "1 year [of] the date on which the petitioner . . . is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b). Courts do not "require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute" to secure a stay. *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, *3 (N.D. Cal. Nov. 13, 2014). Amazon filed the IPR petitions before the statutory deadline, and eBay moved to join the IPRs within eight days of institution. *See* IPR2024-0336; IPR2024-0337. The IPRs were not filed "on the eve of trial or after protracted discovery." *See KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-03116-JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006). The timing of the IPR filings therefore reflects a lack of prejudice and favors a stay.

Second, the timing of eBay's motion to stay favors granting the stay. This stay motion comes only three days after the Court clarified the scope of the case by granting eBay's motion to strike Lexos' Amended Infringement Contentions. (ECF 138). As eBay explained in its motion to strike, a stay of this case would only make sense if the claims asserted here are co-extensive with those challenged in the IPRs. (*See, e.g.*, ECF 124 at 3). The precise scope of the Asserted Claims here was uncertain until the Court's ruling on eBay's motion to strike, and eBay moved to stay the case promptly after such ruling. Therefore, this sub-factor "weigh[s] against a finding of undue prejudice." *Cypress Semiconductor*, 2014 WL 5021100, at *4.

Third, the status of review proceedings favors a stay. Once IPRs have been instituted, as here, this sub-factor weighs in favor of a stay. *See Zomm*, 391 F. Supp. 3d at 958 (finding status of review sub-factor warrants stay when "institution decision has since been issued"). And the PTAB must ordinarily issue a

final determination within one year of the date of institution of an IPR which, here, would be December 12, 2024. *See* 35 U.S.C. § 316(a)(11). And the "delay inherent in the [post-grant] process does not constitute, by itself, undue prejudice." *PersonalWeb Tech., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (quotation omitted). Rather, the plaintiff must make a "specific showing of prejudice beyond the delay necessarily inherent in any stay." *Speir*, 2023 WL 2714931, at *2 (citations omitted). Lexos cannot make such a showing here.

Lexos "waited multiple years to assert its patent claims, [so any] concerns that a . . . stay would cause undue prejudice ring hollow." *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 4802426, at *5 (N.D. Cal. Sep. 26, 2014); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("We also note that [plaintiff], for some unexplained reason, waited nearly a year after the '413 patent issued before it filed suit against Defendants. These facts weigh against [plaintiff]'s claims that it will be unduly prejudiced by a stay."). This conclusion is supported by the fact that the Asserted Patents are expired such that Lexos may only recover monetary damages and cannot secure injunctive relief. *See Lam Rsch. Corp. v. Flamm,* No. 15-cv-01277, 2016 WL 4180412, at *4 (N.D. Cal. Aug. 8, 2016) (finding no undue prejudice where parties were not competitors and patents-in-suit were expired); *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 21-cv-08295, 2022 WL 3084315, at *3 (N.D. Cal. Aug. 3, 2022) (granting a stay pending IPR where asserted patents were expired, concluding that "[m]onetary damages alone will compensate Plaintiff for any harm").

### d. The Relationship of the Parties Favors a Stay

Finally, the relationship of the parties favors a stay. Lexos makes no products, and Lexos does not compete with eBay. *See Jenam I*, 2022 WL 20275184, at *4 (finding the prejudice subfactor to weigh in favor of a stay when the parties were not direct competitors). Indeed, for "non-practicing entit[ies]" like Lexos, "a delay in resolving th[e] litigation will not cause loss of market share or other competitive harm," so "[m]onetary damages alone will compensate Plaintiff for any harm." *HD Silicon Sols.*, 2022 WL 3084315, at *3; *see also Speir*, 2023 WL 2714931, at *2 (comparing "other cases where a stay could unduly prejudice the business dealings between parties who are direct competitors," with cases having "a non-practicing entity" plaintiff that "cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement") (quotations omitted). Lexos seeks only reasonable royalty damages

here. (ECF 112 at 7). Therefore, any prejudice Lexos suffers from a stay can be adequately compensated by monetary damages. *LBT IP II*, 2023 WL 322894, at *3 ("[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (citations omitted).

## V. Conclusion

Accordingly, eBay respectfully requests that the Court grant this motion and stay the case pending the issuance of final written decisions in the instituted IPR proceedings.

Dated: May 16, 2024

**GREENBERG TRAURIG, LLP**

*/s/ Joshua L. Raskin*
Joshua L. Raskin (*pro hac vice*)
Brian J. Prew (*pro hac vice*)
Vimal M. Kapadia (*pro hac vice*)
Kathryn E. Albanese (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Joshua.raskin@gtlaw.com
Prewb@gtlaw.com
Vimal.kapadia@gtlaw.com
Katie.Albanese@gtlaw.com

Nicholas A. Brown (SBN 198210)
Nicholas.Brown@gtlaw.com
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1300

*Attorneys for Defendant eBay, Inc.*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on May 15, 2024, counsel for eBay conferred with counsel for Lexos regarding eBay's requested relief. Counsel for Lexos stated that it opposes the relief requested herein.

*/s/ Joshua L. Raskin*
Joshua L. Raskin
